UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-1419 |
| GENESIS VENTURE LOGISTICS, L.L.C. | * | CHAPTER 11 |
| DEBTOR | * | SUBCHAPTER V |

## MOTION FOR AUTHORITY TO PAY EMPLOYEES' PRE-PETITION WAGES, RELATED EXPENSES, BENEFITS AND TAXES

**NOW INTO COURT**, through undersigned counsel, comes Genesis Venture Logistics, L.L.C. (the "**Debtor**"), as Debtor and Debtor-in-Possession, who hereby files this *Motion for Authority to Pay Employees' Pre-Petition Wages, Related Expenses, Benefits and Taxes* (the "*Motion*"), pursuant to section 105(a) of the Bankruptcy Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtor to pay employees' pre-petition wages, related expenses, benefits and taxes, and respectfully represent:

### JURISDICTION

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2.  The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(4), 507(a)(5) and 1114(e) of title 11 of the Bankruptcy Code.

### BACKGROUND

1. On August 7, 2020 (the ***"Petition Date"***), the Debtor filed a voluntary petition for relief under Chapter 11 – SubChapter V of the Bankruptcy Code thereby commencing the above-captioned case (the "***SubChapter V Case***").

2. The Debtor is authorized to continue to operate the business and manage the property as debtor-in-possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

3. The Debtor's core business is as a logistics and river transportation provider.

**RELIEF REQUESTED**

4. Prior to the filing, the Debtor employed, on average, 6 full-time employees to manage, oversee and operate the business on a day-to-day basis. Under the *Motion for Authority to Approve Compensation and Payments to Insider – Lorraine Hyde and Samantha Hyde* (the "***Insider Compensation Motion***"), the Debtor is seeking the authority to continue compensation to 2 of the 6 employees, Ms. Lorraine Hyde, the managing member, and Ms. Samantha Hyde. This Motion is seeking the authority to pay Ms. Lorraine Hyde and Ms. Samantha Hyde pre-petition wages, under the relief requested in the Insider Compensation Motion.

5. All 6 employees are on salary. To minimize the personal hardship the employees will suffer if prepetition employee-related obligations are not paid when due, and to maintain the remaining employees' morale at this critical time, the Debtor, by this Motion, seeks authority to pay certain prepetition claims for, among other items, wages (including, but not limited to, salaries and other compensation), severance benefits, accrued vacation and personal time, sick or other paid leave, federal and state withholding taxes, payroll taxes, health insurance, dental insurance, and insurance premiums under the workers' compensation program (collectively, the "***Employee Obligations***").

6. The Debtor states that there are only 2 employees that include health insurance coverage. There are no requests for reimbursable expenses. The Debtor ceased the 401(k) matching obligations at the on-set of state mandated business closings due to the COVID-19 pandemic.

**BASIS FOR RELIEF**

7. This Court has authority pursuant to 11 U.S.C. § 105(a) to authorize the payment of pre-petition wage and benefit claims. *See, e.g., Burchinal v. Central Washington Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (courts have permitted the payment of employee prepetition debts when necessary for rehabilitation); *In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition amounts due, *inter alia*, for wages, benefits, health insurance premiums and per diem expenses under the "necessity of payment doctrine," without regard to statutory priorities of section 507); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (authorizing payment of pre-petition wage, salary, medical benefits and business expense claims of active employees); *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (authorizing payment of pre-petition wages, salaries, reimbursement of expenses and other benefits to the employees of the debtor and noting that a rigid application of the priorities of section 507 would be inconsistent with the fundamental purpose of reorganization); s*ee also In re Trois Oeufs, Inc. d/b/a Another Broken Egg Café*, 09-11105 (Bankr. M.D.La. 2007); *In re Gibson Credit, Inc.*, 06-1007 (Bankr. M.D.La. 2006); *In re Equity Media Holding Corporation, et al.*, 08-17646 (Bankr. E.D.Ark. 2008); *In re Hoffinger Industries, Inc.*, 01-20514 (Bankr. E.D.Ark. 2001); *In re Entergy New Orleans, Inc*., 05-17697 (Bankr. E.D. La 2006); and *In re The Babcock & Wilcox Company*, 00-10992 (Bankr. E.D. La. 2000).

8. The Debtor will have sufficient cash flow to pay in full all Employee Obligations and Reimbursable Expenses without the need for a cash collateral order due to the fact, it is believed, no creditor has a lien on its operating cash. To allow the prepayment of these claims through the equitable powers of the Court under section 105(a) advances the fundamental purpose of **the** reorganization of a small business enterprise, and is in the best interest of the estate and the Debtor's creditors. One of the Debtor's greatest strengths is the continuing loyalty and service of its employees. Without the continuing effort of its employees, the Debtor's efforts to maximize its value and the return to its creditors would be seriously jeopardized, if not doomed, at the onset of this SubChapter V Case. Without the employees, the Debtor could not continue to provide transportation services and bill clients accordingly. *See Gulf Air*, 112 B.R. at 153-54 (recognizing debtor's need for retention of skilled employees); *see also Ionosphere Clubs*, 98 B.R. at 176 (noting that courts are not helpless to apply necessity of payment rule in a non-railroad case where the alternative was cessation of operations).

9. The relief sought by the Debtor should be granted because the payments sought to be authorized do not exceed the priorities allowed by 11 U.S.C. § 507. The Debtor is not seeking to pay any compensation due to any single employee in excess of $13,650**.**

10. The employees are paid bi-monthly on the 1st and the 15th of each month and is processed in house.

11. Immediately prior to the filing, the total estimated accrued and unpaid gross payroll for the Debtor was approximately $7,720.00 covering the period of August 1 to August 7. If the Debtor is unable to make these payments, it could lose important employees who are essential to the services provided by the Debtor.

{00373476-1}

4

12. The Debtor must pay payroll and withholdings taxes related to employee payroll as required by federal, state and/or local authorities. The Debtor also has accrued vacation and personal time obligations, and accrued sick and other paid leave obligations, all of which accrued prepetition. The Debtor intends to only pay pre-petition accrued obligations in the ordinary course of business.

13. There is a health insurance plan in place, for which only 2 employees take advantage of and participate in. The Debtor pays approximately $195 per payroll period with any remaining costs of the policy borne by the policy holder. The Debtor is seeking the authority to make the health insurance payment that was incurred prior to the Petition Date.

14. The Debtor provides workers' compensation coverage and benefits for its employees. The Debtor requests authority, in its discretion, to continue to pay workers compensation benefits to the employees.

15. The Debtor believes that, in the event it is unable to pay its Employee Obligations to employees, incurred pre-petition, when and as due, the Debtor will suffer immediate and irreparable harm. Moreover, the Debtor believes that there is a strong likelihood that its ability to provide the same quality level of services and reorganize will be undermined. The Debtor further believes that the continuance of its current employee benefits is critical to the continued loyalty of its employees. The continuation of such benefits is essential to the compensation package for employees and is in the best interest of the Debtor.

16. In order to retain its employees and prevent a decline in morale and a possible cessation of operations, which would immediately abort the Debtor's efforts and cause immediate and irreparable harm to the Debtor's estate and creditors, the Debtor moves the Court

for authorization to pay its Employee Obligations, as well as its Reimbursable Expenses immediately. Such payments will increase the likelihood of a greater return to creditors.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests the Court to enter an order: (a) authorizing the Debtor to pay Employee Obligations earned by employees in the ordinary course of business (if any are unpaid) as though no bankruptcy filing by the Debtor had occurred; (b) authorizing the Debtor to fund its bank accounts so that there will be a minimum amount of disruption to the Debtor's operations and to its employees; (c) authorizing and directing the Debtor and/or bank or to honor employee checks (assuming funds on deposit are sufficient) for Employee Obligations earned prepetition that are presented after the commencement of this SubChapter V case; and (d) granting such other and further relief as the Court deems just and proper.

August 10, 2020

*/s/Greta M. Brouphy*
Greta M. Brouphy, La. Bar No. 26216
Michael E. Landis, La. Bar No. 36542
Heller, Draper, Patrick, Horn & Manthey, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
gbrouphy@hellerdraper.com
mlandis@hellerdraper.com

*Proposed Attorneys for the Debtor*