UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-11419 |
| GENESIS VENTURE LOGISTICS, L.L.C. | * | CHAPTER 11 |
| DEBTOR | * | SUBCHAPTER V |

**APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING *NUNC PRO TUNC* EMPLOYMENT AND RETENTION OF BEN E. CLAYTON, JOSHUA P. CLAYTON, AND CLAYTON LAW FIRM, LLC
AS SPECIAL COUNSEL FOR DEBTOR**

**NOW INTO COURT**, through undersigned counsel, comes Genesis Venture Logistics, L.L.C. as debtor and debtor-in-possession ("Debtor" or "GVL"), who hereby submits this Application (the "Application") for entry of an order authorizing the Debtor's retention of Ben E. Clayton, Joshua P. Clayton, and the firm, Clayton Law Firm, LLC (collectively, "Clayton" or the "Firm"), as special counsel for the Debtor, as of August 7, 2020, pursuant to section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Bankruptcy Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor relies upon the affidavit of the Firm (the "Clayton Affidavit"), which is attached hereto as Exhibit "A" and incorporated by reference herein and respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief sought herein are sections 327(e), 328, and 1184 of the Bankruptcy Code, Bankruptcy Rule 2014(a) of the Bankruptcy Rules and Local

Bankruptcy Rule 2014-1 for the United States Bankruptcy Court for the Eastern District of Louisiana.

**Background**

3. On August 7, 2020 (the "Petition Date") the Debtor filed for relief under the Bankruptcy Code. Since that time, the Debtor has continued to operate its business and manage its property as debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. That continued operation and management has included the Firm's continued ongoing handling of multiple legal matters for the Debtor.

**Relief Requested**

4. By this Application, the Debtor seeks authority from this Court to employ and retain the Firm as special counsel during this subchapter V, Chapter 11 case in order to assist the Debtor in any matters that require the Firm's services that may arise during this bankruptcy case, including, without limitation, the particular legal matters more fully described below and in the Clayton Affidavit.[1]

5. Pursuant to the agreements memorialized in the documents attached to the Clayton Affidavit, the Debtor seeks to pay Clayton post-petition monthly payments based upon a monthly invoice to be submitted by Clayton calculated upon the rates set forth in the Clayton Affidavit and attachments thereto for the services rendered and for reimbursement for litigation costs and expenses. For example, and without limiting the above, there are current disputes involving alleged payments made by certain of the Debtor's customers directly to some of the Debtor's vendors, and not to the Debtor. Clayton is familiar with the factual and legal issues involved in

---

[1] In conjunction with the filing of this Application in the Debtor, GVL's bankruptcy case, Lorraine Hyde, the Debtor's CEO and owner, will be filing a similar and related application to employ Clayton as her special counsel in her Chapter 11 bankruptcy case, No. 20-11525.

{00373981-1}  2

these and other disputes and is uniquely positioned to effectively and efficiently resolve these issues on behalf of the Debtor and the estate. Clayton will hold any payments received in Trust pending an Order by the Court approving an interim or final fee application.

## **Basis for Relief**

6. The Debtor has met with the Firm, and after consultation, and recognizing the need for professional assistance for the administration of the case, the Debtor seeks to retain the Firm, subject to the oversight of this Court, with respect to matters that require the Firm's services that may arise during this bankruptcy case, including, without limitation, the particular legal matters more fully described in the Clayton Affidavit. Such retention is sought pursuant to sections 327(e) and 1195 of the Bankruptcy Code.

7. Under section 327(e) of the Bankruptcy Code, a Debtor is authorized to employ "for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §§ 327(e) and 1195.

8. The Debtor seeks to retain the Firm for the specific purpose of representing it in the disputes outlined in the Clayton Affidavit.

9. As required by Bankruptcy Rule 2014(a), this Application and the Clayton Affidavit set forth: (a) the specific facts showing the necessity for the Firm's employment; (b) the reasons for the Debtor's selection of the Firm as its special counsel in connection with the legal matters that may require representation of the Debtor during its chapter 11-subchapter V case; (c) the professional services to be provided by the Firm; (d) the arrangement between the Debtor and the Firm with respect to compensation (as well as the reasonableness thereof); and (e) to the best

of Debtor's knowledge, the extent of the Firm's connections, if any, to certain parties in interest in the matters on which the Firm is to be employed.

10. Subject to the Court's approval of the Application, the Firm is willing to be employed as the Debtor's special counsel and to perform the services described herein.

## Services to be Provided

11. In connection with the above-captioned chapter 11-subchapter V case (the "SubChapter V Case"), the Debtor has requested authorization to retain the Firm as its special counsel as to the ACBL Dispute, the Carbo Dispute, the Ceres Dispute, the Diamond Dispute, the DP Dispute, the KZM/Henry Dispute, the RV Dispute, and the RJ's Dispute, and other legal matters that may require representation of the Debtor during the SubChapter V Case. The Debtor anticipates that the Firm will render legal services to the Debtor as needed throughout the course of this SubChapter V Case in order to resolve the above-named disputes, and potentially to address other legal issues that need to be addressed during the case.

12. The Clayton Affidavit and the documents attached thereto detail more specifically the scope of the services to be performed by the Firm.

## Qualifications of Professionals

13. As set forth in the Clayton Affidavit, Clayton has knowledge and experience in handling the ACBL Dispute, the Carbo Dispute, the Ceres Dispute, the Diamond Dispute, the DP Dispute, the KZM/Henry Dispute, the RV Dispute, and the RJ's Dispute. Clayton is familiar with many of the legal issues and surrounding facts involved in those disputes and is fully capable of advising the Debtor regarding the same. The Debtor has selected the Firm as special counsel because it is well qualified to represent the Debtor as special counsel in those disputes, and potentially other related legal issues that may arise during the SubChapter V case, in an efficient and timely manner.

## Disinterestedness of Professionals

14. To the best of the Debtor's knowledge and based upon the Clayton Affidavit, the Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

15. To the best of the Debtor's knowledge and based upon the Clayton Affidavit, the Firm does not hold or represent an interest adverse to the Debtor or its estate with respect to the matters in which the Firm is to represent the Debtor, in accordance with section 327 of the Bankruptcy Code.

16. Before the filing of this Application, the Firm has represented the Debtor on the specific disputes outlined in the Clayton Affidavit. The Firm also has been representing the Debtor's principal, Lorraine Hyde in those disputes. There is an alignment of interest between Ms. Hyde and the Debtor such that there is no adverse interest relating to the services to be provided by the Firm. *In re Sonya D. Int'l, Inc.*, 484 B.R. 773, 780 (Bankr. C.D. Cal. 2012).

17. Furthermore, to the best of the Debtor's knowledge, information and belief and based upon the Clayton Affidavit, (a) the Firm has no connection with the Debtor, creditors of the Debtor, the United States Trustee for the Eastern District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in this SubChapter V Case or its respective attorneys or accountants; (b) the Firm is not a creditor, equity security holder or insider of the Debtor; (c) none of the Firm's partners is, or was within two (2) years of the Petition Date, a director, officer or employee of the Debtor; and (d) the Firm neither holds nor represents an interest adverse to the Debtor, its estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

18. The Debtor submits that its employment of the Firm would be in the best interest of the Debtor and its estate.

**Terms of Retention**

19. Subject to the Court's approval of this Application, the Firm and the Debtor have agreed to the following hourly rates:

   Partner         $250.00
   Associate       $250.00

20. In addition, as indicated in the Clayton Affidavit and documents attached thereto, the Firm will charge the Debtor for direct out-of-pocket expenses.

21. The Debtor had incurred postpetition fees and expenses for legal services directly related to disputes identified in the Clayton Affidavit, and any such outstanding fees and costs will be included in the application for compensation process.

22. Clayton has not received a retainer in connection with this Chapter 11-Subchapter V case.[2] Before the petition date, the Firm performed work for the Debtor and for Lorraine Hyde in the above-mentioned disputes and in other matters. The Firm is not owed money for that work, but was paid prepetition for that work via invoice payments and prepetition retainers.[3] To protect the Debtor's interests, including in matters requiring immediate attention, the Firm has continued

---

[2] After the petition date, Lorraine Hyde, without Clayton knowing its precise intended use, provided the Firm with a $10,000 check apparently constituting her and/or her husband's personal funds. Out of an abundance of caution, the Firm deposited all those funds into its trust account pending further order of the Court, and the Firm's attorneys explained to Ms. Hyde that those funds cannot be used to pay legal fees without approval from the Court. Ms. Hyde intends that those funds be used to pay for legal services relative to her personal Chapter 11 bankruptcy case.

[3] Although the Firm performed some work on the petition date of August 7, 2020, the Firm has not billed the Debtor for that work, which, along with all other postpetition work performed by the Firm, is the subject of this Application to Employ and would be included in any future applications for payment in this case. For purposes of this Application, the Firm deems all the August 7, 2020 work to be postpetition work.

to represent the Debtor postpetition. As of September 17, 2020, the Firm's legal fees (not yet billed) for such postpetition work, not including any time spent preparing this Application to Employ, for the above-mentioned disputes total $20,675.00, of which $11,000.00 has been for the common benefit of GVL and Lorraine Hyde in litigation in which claims for relief have been asserted against both of them. As of September 17, 2020, the Firm's legal expenses and costs for such postpetition work for the above-mentioned disputes total $467.33, of which $298.49 has been for the common benefit of GVL and Lorraine Hyde in litigation in which claims for relief have been asserted against both of them.[4]

23. The fee arrangement is consistent with fees charged to similarly situated clients of the Firm.

24. All of the Firm's fees and expenses incurred during the proceeding will be subject to bankruptcy court approval.

## No Prior Request

25. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, Genesis Venture Logistics, L.L.C. respectfully requests that this Court approve the retention and employment of Clayton Law Firm, LLC, as special counsel for the Debtor, as of August 7, 2020 and for such other and further relief as may be just and equitable.

---

[4] Of these postpetition costs and expenses, from a prepetition retainer check apparently drawn on an account from non-Debtor funds from Lorraine Hyde and/or her husband, the Firm paid and/or was reimbursed $411.40 in costs and expenses in the above-mentioned disputes, of which $248.67 has been for the common benefit of GVL and Lorraine Hyde in litigation in which claims for relief have been asserted against both of them. At the time the Firm paid those postpetition costs and expenses and/or was reimbursed for those postpetition costs and expenses that it had advanced, the Firm's attorneys were unaware of the need to obtain Court approval for such reimbursement. The Firm will not seek any further reimbursement of costs or expenses absent Court approval.

{00373981-1} 7

| | |
|---|---|
| September 22, 2020 | */s/ Greta Brouphy* |
| | Greta M. Brouphy (La Bar No. 26216) |
| | Michael E. Landis (La Bar No. 36542) |
| | **Heller, Draper, Patrick, Horn** |
| | **& Manthey, L.L.C.** |
| | 650 Poydras Street, Suite 2500 |
| | New Orleans, Louisiana 70130-6103 |
| | Tel: (504) 299-3300/Fax: (504) 299-3399 |
| | E-mail: gbrouphy@hellerdraper.com |
| | E-mail: mlandis@hellerdraper.com |

*Counsel for the Debtor*