UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 20-11419 |
| Genesis Venture Logistics, LLC | Adv. Proc. No. 20-01058 |
| Debtor | Chapter 11 |
| | Subchapter V |

_____

Genesis Venture Logistics, LLC

      Plaintiff

Versus

KZM Marine Services, LLC

And

Tommy B. Henry

      Defendants

<u>Opposition to Motion for Temporary Restraining Order</u>

Addressing the great weight GVL's factual inaccuracies is unnecessary for disposition of its motion for a temporary restraining order because there are three legal impediments that, assuming all GVL's facts were true, would still stand in the way: first, GVL's temporary restraining order asks for a prior restraint on speech. Prior restraints on speech are anathema in the law, and GVL does not try to justify its attempt here Second, GVL cannot show immediate harm because it has been threatening to seek a TRO for more than eleven months now. Third, GVL does not attempt to show any specific future harm it seeks to restrain – it references no trade secret he knows, or any customer he may speak with. It only complains of past conduct. GVL does not attempt to offer any specific statements it wishes to restrain, or any specific individuals to whom

1

those statements should not be made. A restraint on past conduct is a non-sequitur. Each of these is an independent reason GVL's motion should fail.

*1. Background*

GVL first threatened a temporary restraining order against Tommy Henry and KZM on November 7, 2019. Its then-counsel who levied the threat, Gavin Guillot, is now a claimant in the bankruptcy, as GVL has short-paid his firm.[1] He withdrew from representation, citing non-payment, E.D. La. C/A No. 19-12376, Rec. Doc. 7; E.D. La. C/A No. 19-13293, Rec. Doc. 13. No motion accompanied GVL's threats against KZM until Thursday, October 8, 2020, when GVL began this proceeding.

KZM will spare the Court a full recounting of the facts because it is unnecessary for resolution of this motion and because of the abbreviated briefing schedule.[2] Instead, KZM would note that GVL has accumulated on the order of $10,000,000 in debts against a uncertain and inadequate assets, and still less certain hopes for revenue. The source of GVL's present difficulties are, according to multiple suits, its diversion of funds meant for its contractors and subcontractors to its own purposes, which violates Louisiana's criminal law.

KZM and GVL started working together on a job for Dunham Price. In that job, according to Dunham Price's allegations, E.D. La. C/A No. 19-13293, Rec. Doc. 22, Dunham Price regularly paid GVL, but GVL diverted those funds that were legally due to its subcontractors - in excess of $1,000,000 (para. 35), in violation of La. R.S. 14:202. Dunham Price offered to pay the subcontractors directly, but GVL refused.

---

[1] GVL's counsel before Mr. Guillot is also a claimant in the litigation. He, too, went short-paid by GVL.
[2] Furthermore, KZM's counsel has had limited ability to respond to this expedited motion because of an already-planned family trip.

Following the Dunham Price job and its fallout, KZM and GVL were working for Ceres, more thoroughly described in S.D. Ill. C/A No. 19-1345. Ceres owed money to GVL, but it was concerned GVL would not pay its subcontractors – including KZM. After negotiations broke down, Ceres began an interpleader. GVL was defaulted, and the funds were distributed. Before GVL was defaulted, though, in discussions, KZM's counsel pleaded with GVL and all parties to pay KZM's crew, which had worked (through GVL) for Ceres. Crew wages are not just a moral necessity, they are a legal obligation, with treble damages for failure to pay them. GVL refused to pay the crew wages.

In the meantime, KZM, still working with GVL, was owed money, just like Patriot, Devall, Dale Martin, and so many of GVL's other creditors. At GVL's encouragement, KZM's principal took out short-term, high-interest loans. GVL had been paying KZM's crew's insurance and taxes. GVL stopped, and it stopped paying KZM entirely, owing KZM six figures' damages. A significant amount of these funds was not for KZM; KZM owed them to others – principally to crews and to suppliers of equipment to vessels. GVL just stopped paying. Though GVL cited a provision in the GVL/KZM contract regarding audits, it never paid any sum, including undisputed amounts. KZM retained counsel, despite inability to pay, and has been struggling for the past year to climb out of the hole GVL's nonpayment has forced it into. Shown by the list of creditors, KZM is not the only of GVL's clients who found themselves unpaid by GVL.

*2. Standard*

A temporary restraining order is an extraordinary remedy that may only be granted if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the requested relief will result in irreparable harm; (3) that the threatened injury outweighs any damage that the order may cause the opposing party; and (4) that the order will not

3

disserve the public interest. *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir. 1991).The movant "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987); *see also Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir. 1985) ("Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.").

   3.   *A prior restraint on speech violates the First Amendment.*

A prior restraint on speech is anathema. "The special vice of a prior restraint is that communication will be suppressed [. . .] before an adequate determination that it is unprotected by the First Amendment." *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 390 (1973); see also *Vance v. Universal Amusement Co*., 445 U.S. 308, 315–316 (1980) ("the burden of supporting an injunction against a future exhibition [of allegedly obscene motion pictures] is even heavier than the burden of justifying the imposition of a criminal sanction for a past communication").[3]

GVL seeks a prior restraint. It cites cases regarding trade secrets, but it offers no evidence that KZM is aware of any of GVL's trade secrets, or in danger of sharing them. It offers, instead, argument that KZM has bad-mouthed GVL in the industry. The first amendment issues are palpable, but GVL does not address them. When KZM's counsel pointed out that GVL was seeking a prior restraint on speech, GVL made no meaningful response, continuing unabated.

---

[3] See generally *See* Mark A. Lemley and Eugene Volokh, *Freedom of Speech and Injunctions in Intellectual Property Cases*, 48 Duke Law Journal 147, 169–171 (1998). ("Say you think a new book is going to libel you, and you ask a court for a preliminary injunction against the book's publication. You're likely to succeed on the merits, you argue, and failure to enjoin the speech would cause you irreparable harm. Too bad, the court will certainly say, a content-based preliminary injunction of speech is a blatantly unconstitutional prior restraint.")

Without delving into all GVL's contractors who have been harmed by involvement with GVL, and who would have benefitted from a timely warning to be paid upfront, KZM notes only this: statements of opinion are not actionable. True statements are not actionable. GVL makes no effort to show that the extraordinary remedy of a prior restraint on speech should issue. GVL makes no effort to show what false speech, in particular, should be restrained. GVL asks that *all* Mr. Henry's "contact and communications of any kind with every customer, vendor, supplier, contractor, subcontractor, and lender of GVL, and with any other person or entity, regarding GVL or its representatives [. . .] be enjoined. This request is not consistent with the First Amendment.

4. *GVL has been threatening a temporary restraining over for more than eleven months. It does not identify anyone that KZM may speak with that would harm GVL.*

In November of 2019, GVL's then-counsel sent an email to KZM, threatening to seek a temporary restraining order.[4] Nothing came of it. But there can be no clearer proof that there is no irreparable harm than that GVL has done nothing for eleven months, as it has been embroiled in so many other lawsuits. Therefore, the TRO should not issue.

GVL, in its complaint and in its motion, argues that Tommy Henry has, in effect, bad-mouthed GVL to the industry. It goes without saying that true statements and opinions cannot be libelous. Counsel would not deign to endorse all Mr. Henry's comments[5] – or those issued from GVL's principals and employees to Mr. Henry – but would note this: GVL complains of what Mr. Henry has said. It offers no comment about what he might say, or to whom he might say it. GVL seeks a TRO to enjoin past conduct. In fact, at the creditors' meeting, Ms. Hyde testified that GVL has no contracts pending, or potentially pending, with marine clients. In her motion and her adversarial proceeding, she offers no specified concern that Tommy Henry may speak with a

---

[4] Attached.
[5] Mr. Henry has been asked not to have any further communication with GVL except through counsel, and to counsel's knowledge, there has been no communication between the principals of GVL and KZM since August.

specific individual that may harm GVL, and she offers no specific trade secret he somehow learned or may share. There is no specific speech or secret GVL wishes to enjoin. Instead, GVL evidently wants to stop Mr. Henry from speaking at all. Without a particularized showing of what should be restrained, GVL's motion should fail.

5.   *Conclusion*

This Court should not issue a temporary restraining order against Tommy Henry or KZM.

Respectfully submitted:

**BOHMAN | MORSE LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
400 Poydras Street, Suite 2050
New Orleans, LA  70130
Telephone: (504) 930-4030
E-Mail: harry@bohmanmorse.com


*Attorney for KZM and Tommy Henry*