UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-11419 |
| GENESIS VENTURE LOGISTICS, L.L.C. | * | CHAPTER 11 |
| DEBTOR | * | SUBCHAPTER V |

## OBJECTION TO PROOF OF CLAIM NUMBER 1
## FILED BY ST. PAUL BARGE LINE, INC.

NOW INTO COURT, through undersigned counsel, comes Genesis Venture Logistics, LLC ("GVL" or the "Debtor"), who hereby submits this Objection (the "Objection") to Proof of Claim No. 1 Filed by St. Paul Barge Line, Inc. (the "SPBL Claim") in the amount of $408,795.47, and in support thereof, states as follows:

### JURISDICTION, VENUE, AND AUTHORITY

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein arises from Section 502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the United States Bankruptcy Court for the Eastern District of Louisiana.

### BACKGROUND AND PROCEDURAL HISTORY

4. On August 7, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V, Chapter 11 of the Bankruptcy Code.

5. On August 18, 2020, St. Paul Barge Line, Inc. ("SPBL") filed the SPBL Claim against GVL asserting a general unsecured claim in the amount of $408,795.47 for "services rendered, equipment leased."

6. The SPBL Claim stems from a Barge Charter Contract (the "Charter Contract") entered into between GVL and SPBL on July 16, 2018. The Charter Contract states that all invoices from SPBL to GVL will be submitted "during the first week of each month of charter hire and payable by the thirtieth day of each month."[1] The Charter Contract then allows for interest to accrue at 10% for any amounts not paid.

7. The Charter Contract also includes a "no-lien provision" wherein the Charter Contract expressly states that "Charterer [GVL] nor the master has any right to create, incur, or permit to be imposed upon the Vessels, and [sic] liens whatsoever, except for crew's wages and salvage."[2]

8. Attached to the SPBL Claim are four invoices: SPBL 106; SPBL 107; SPBL 108; and SPBL 109.

9. Firstly, SPBL improperly calculated the interest owed on the SPBL invoices in that Exhibit 2 to the SPBL Claim states the due date for each invoice as being the same day the invoice was issued, in contradiction to the terms of the Charter Contract. As stated in the Charter Contract, the invoices were to be submitted in the first week of the month with payment due by the 30th day of the same month, not the same day of the invoice.

10. Secondly, GVL disputes any and all charges and fees associated with invoice SPBL 109 for the reason that it has no record of ever receiving that invoice and disputes the

---

[1] See Charter Contract at ¶ 4, attached as Exhibit 3 to the SPBL Claim.

[2] See *id.* at ¶ 9.

validity of SPBL 109. Further, and in the alternative that the Court does not set aside invoice SPBL 109 entirely, invoice SPBL 109 includes charges for removing liens placed upon the vessels by American Commercial Barge Line, LLC ("ACBL") despite the fact that there was a no-lien provision in the Charter Contract, which was carried onboard the vessels under the Charter Contract and which prevented any such liens from lawfully being placed on the vessels. Any maritime liens alleged to have been placed on the vessels by ACBL were unlawful and GVL cannot be held responsible for any such unlawful liens.

## RELIEF REQUESTED

11. By this Objection, GVL respectfully requests that, pursuant to 11 U.S.C. § 502(b)(1), this Court enter an order reducing the SPBL Claim by eliminating all improperly calculated interest on the SPBL invoices. Additionally, GVL requests that this Court reduce the amount of the SPBL Claim by eliminating all amounts alleged in SPBL 109 for the reason that invoice SPBL 109 is for fees not owed by GVL, or in the alternative, reduce the amount alleged in invoice SPBL 109 by $20,000.00, which is attributable to the removal of the unlawful maritime liens in favor of ACBL.

## BASIS FOR OBJECTION

12. Section 502(b)(1) of the Bankruptcy Code excludes from allowed claims any claim that "is unenforceable against the debtor and property of the debtor, under any agreement, or applicable law for a reason other than because such claim is contingent or unmatured."

13. Additionally, attached hereto as Exhibit 2, is GVL's Balance Details for the St. Paul Barge Line, Inc. account (the "SPBL Statement"). As shown on the SPBL Statement, the total amount outstanding and owed to SPBL by GVL is $227,250.00. This includes $21,000.00

for invoice SPBL 106; $91,500.00 for invoice SPBL 107; and $114,750.00 for invoice SPBL 108.

14. The due date for invoice SPBL 106 was February 28, 2019.[3] Allowing for 10 % interest, as stated in the Charter Contract, from the due date to the Petition Date (525 days), interest on invoice SPBL 106 comes to $3,020.54 for a total principal and interest of $24,020.54 owed on invoice SPBL 106.

15. The due date for invoice SPBL 107 was July 30, 2019. Allowing for 10% interest from the due date to the Petition Date (372 days), interest on invoice SPBL 107 comes to $9,325.47 for a total principal and interest of $100,325.47 owed on invoice SPBL 107.

16. The due date for invoice SPBL 108 was November 30, 2020. Allowing for 10% interest from the due date to the Petition Date (250 days), interest on invoice SPBL 108 comes to $7,859.58 for a total principal and interest of $122,609.58 owed on invoice SPBL 108.

17. As stated above, GVL has no record of invoice SPBL 109 and disputes its validity entirely. As such, no amounts owed under invoice SPBL 109 are enforceable and must be excluded from the SPBL Claim amount.

18. The total for invoices SPBL 106, 107, and 108 is $246,955.59.

19. The SPBL Claim is further unenforceable against the Debtor to the extent that the SPBL Claim includes any amounts alleged in invoice SPBL 109; or in the alternative, the $20,000.00 included in invoice SPBL 109 is unenforceable against the Debtor for the reason that any liens placed upon the SPBL vessels were unlawful due to the no-lien clause in the Charter Contract.

---

[3] See Charter Contract at ¶ 4.

20. 46 U.S.C. § 31341 creates an assumption that the master of a vessel or an agent appointed by a charterer of the vessel has authority to encumber the vessel with a maritime lien under the United States Code. "When, however, the charter party, with knowledge of which the material-man is charged, prohibits the creation of a lien for supplies ordered by the charterer or the charterer's representative, no lien will attach." *Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co. of California*, 310 U.S. 268, 275, 60 S. Ct. 937, 941, 84 L. Ed. 1197 (1940); *Schilling v. A/S D/S Dannebrog*, 320 F.2d 628, 632 (2d Cir. 1963) ("[no-lien] clause is sufficient to preclude a lien in a supplier who knows or should know of its existence in the charter."); *Carr Oil Co. v. Steel Vessel, Offshore Salvor*, 302 F. Supp. 521, 524 (E.D. La. 1968) ("There is abundant authority holding that a marine supplier is under the affirmative duty to inquire and investigate as to the existence of a charter and its terms; that the presumption of authority in the Master to incur liens disappears where the supplier fails to exercise due diligence to determine whether or not such authority exists; that a supplier is chargeable with notice of the existence of the charter and of its restrictions, if he could have ascertained either by reasonable investigation, and that a mistaken belief to the contrary is unavailing.").

21. As stated above, the Charter Contract has a no-lien clause that removes the authority of GVL to allow liens to attach to the vessel and any materialman, including ACBL, is charged with the duty to perform reasonable investigation into the Charter Contract and to inquire as to whether there exists a no-lien clause. In this case, the existence of the no-lien clause made any lien that ACBL claims attached to the vessels unlawful for the simple fact that GVL did not have the authority to grant any such liens. GVL cannot be held accountable for SPBL's payment to ACBL. SPBL's claim for the removal of a nonexistent lien is unenforceable

and, to the extent that invoice SPBL 109 can be included at all (which the Debtor denies), the SPBL Claim must be reduced in amount by the $20,000.00 payment allegedly made to ACBL.

22. After discounting the $20,000.00 paid to remove the unlawful liens asserted by ACBL, the new amount owed on invoice SPBL 109 is $141,712.86. Calculating interest on that adjusted amount and using a due date of June 30, 2020 (the same month the invoice was issued), the new interest calculation is $1,475.36. To the extent the Court allows invoice SPBL 109 to be included in the SPBL Claim at all, the amount of principal and interest owed on SPBL 109 should be reduced to a total of $143,188.22.

## RESERVATION OF RIGHTS

23. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtor or any other party in interest to object to the SPBL Claim on any grounds whatsoever and the Debtor expressly reserves all further substantive or procedural objections it may have. Nothing contained herein should be construed as: (a) an admission as to the validity of all or any portion of a prepetition claim against any Debtor, except to the extent described in the Debtors' schedules; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief this objection requests; (e) a request or authorization to assume any prepetition agreement, contract, or lease under Section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

24. The Debtor has served a copy of this Objection on (i) the Office of the United States Trustee, and (ii) St. Paul Barge Line, Inc. and/or its counsel. The Debtor submits that

notice of this Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

- Reducing the allowable amount of Proof of Claim Number 1 filed by St. Paul Barge Line, Inc. to an amount of $246,955.59, which excludes invoice SPBL 109 and represents a corrected calculation of prepetition accrued interest; or

- In the event the Court does not expunge invoice SPBL 109 in its entirety, invoice SPBL 109 should be reduced by $21,493.07.00, which represents the amount allegedly paid by St. Paul Barge Line, Inc. to remove the unlawful liens asserted by American Commercial Barge Line, LLC and a corrected interest calculation based on that reduced amount, thereby allowing SPBL a general unsecured claim in the amount of $390,143.81, which represents the total for invoices SPBL 106, 107, 108, and 109 (less the $20,000.00 lien removal fee) with properly calculated interest; and

- Granting such other further relief to which the Debtor may be entitled.

November 23, 2020

/s/Michael Landis
Greta M. Brouphy (La Bar No. 26216)
Michael E. Landis (La Bar No. 36542)
**Heller, Draper & Horn, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Tel: (504) 299-3300/Fax: (504) 299-3399
E-mail: gbrouphy@hellerdraper.com
E-mail: mlandis@hellerdraper.com

***Counsel for the Debtor***

# CERTIFICATE OF SERVICE

I, Michael E. Landis, Counsel for Debtor, do certify that I caused the *Objection to Proof of Claim No. 1 filed by St. Paul Barge Line, Inc.* to be served on November 23, 2020, via the Court's ECF Notification System as follows:

- Christy Renee Bergeron   Christy.Bergeron@usdoj.gov
- Greta M. Brouphy   gbrouphy@hellerdraper.com
- Ben E. Clayton   ben@claytonlawfirmllc.com
- Joshua P. Clayton   josh@claytonlawfirmllc.com
- Leo David Congeni   leo@congenilawfirm.com, michelle@congenilawfirm.com
- Michael E. Landis   mlandis@hellerdraper.com
- Mark C. Landry   mlandry@newmanmathis.com, faith@newmanmathis.com
- Edna Ayliffe Latchem   ayliffe@intersurf.com
- Robert A. Mathis   rmathis@newmanmathis.com
- Michael W. McMahon   mmcmahon@daiglefisse.com
- Mark Mintz   mmintz@joneswalker.com, hstewart@joneswalker.com
- Harry Morse   harry@harrymorse.com
- Stewart F. Peck   speck@lawla.com, ymaranto@lawla.com
- Stephen T. Perkins   sperkins@twpdlaw.com
- Ryan James Richmond   ryan@snw.law
- Office of the U.S. Trustee   USTPRegion05.NR.ECF@usdoj.gov

November 23, 2020                    */s/ Michael Landis*
                                     Michael E. Landis (La Bar No. 36542)

                                     ***Counsel for the Debtor***