UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-11419 |
| | § | |
| GENESIS VENTURE LOGISTICS, L.L.C. | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SUBCHAPTER 5 |

**MOTION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE COMPELLING ORAL TESTIMONY AND DOCUMENT PRODUCTION FROM LORRAINE MAE HYDE**

**NOW HERE COMES** through undersigned counsel, American Commercial Barge Line LLC, ("***ACBL***"), a creditor in the above-entitled and captioned case, (the "***Bankruptcy Case***"), filed by debtor and debtor-in-possession herein, Genesis Venture Logistics, L.L.C. (the "***Debtor***"), and respectfully moves, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order: (a) authorizing ACBL to compel Lorraine Mae Hyde ("***Ms. Hyde***") to appear and testify at January 29, 2020 at 10:00 a.m. CST (the "***2004 Examination Date***") at the offices of undersigned counsel, 601 Poydras Street, Suite 2775, New Orleans, LA 70130, and (b) directing Ms. Hyde to produce to ACBL documents responsive to the requests for production set forth below on or before seven (7) calendar days prior to the 2004 Examination Date. In support of this Motion, ACBL respectfully represents as follows:

**JURISDITION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND AND GROUNDS FOR RELIEF**

2. Ms. Hyde was, all times relevant herein, a member-manager of the Debtor, a limited liability company incorporated under the laws of the State of Louisiana, with its principal place of business in St. Tammany Parish, Louisiana.

1

3. Ms. Hyde is also member-manager of Genesis Venture Investments, LLC, Genesis Venture Assets, LLC, Genesis Venture Supply, LLC, Nexgen Marine, LLC, ("*Nexgen*"), Genesis Venture Trucking, LLC, Genesis Venture Logistics, LLC, and Genesis Venture Logistics, LLC (collectively, the "*Other Genesis Entities*").

4. ACBL is a marine transportation company organized and existing under the laws of the State of Delaware, with its principal place of business in Jeffersonville, Indiana.

5. The Debtor became indebted to ACBL under a certain Repayment Agreement (the "*Agreement*"), pursuant to which the Debtor agreed to pay ACBL in installments the total principal amount of $565,379.88. *See* Claim No. 3-1, ("*Proof of Claim*"), Exhibit 2, p. 4, ¶ 4, attached hereto as **Exhibit 1** and incorporated by reference.

6. On March 19, 2019, the Debtor made the initial $79,733.55 payment due under the Agreement, which, together with a subsequent payment of $71,394.02 from a third party, reduced the principal amount due under the Agreement to $414,252.31. *Id.* at ¶¶ 6, 8.

7. The Agreement authorized ACBL upon the Debtor's default to act as the Debtor's attorney-in-fact in executing a consent judgment for the remaining principal balance due under the Agreement, together with post-judgment interest, costs, and attorneys' fees. *Id*. at p. 2, ¶ 5.

8. On August 22, 2019, following the Debtor's default, ACBL commenced legal action against the Debtor before the Circuit Court No. 2 for Clark County, State of Indiana (the "*Indiana Litigation*") to enforce the Agreement, and later filed a motion for entry of a consent judgment in accordance with the Agreement. *Id.* at p. 1.

9. On September 5, 2019, two weeks into the Indiana Litigation, the Debtor transferred immovable property bearing municipal address 10 St. Ann Drive, Mandeville, LA 70471 (the "*St. Ann Property*") to the Debtor's affiliate, Genesis Venture Investments, LLC, via

an *Act of Donation* recorded in the conveyance records for St. Tammany Parish, Louisiana on September 10, 2019 as Instrument # 2173783. *See* Act of Donation, attached hereto as **Exhibit 2** and incorporated by reference.

10. On October 4, 2019, a consent judgment (the "***Consent Judgment***") was entered in the Indiana Litigation for the principal balance then owed ($414,252.31), plus post-judgment interest, costs, and attorneys' fees, which was later made executory in the State of Louisiana by Order of the 22nd Judicial District Court for the Parish of St. Tammany dated November 6, 2019, which was recorded in the mortgage records of that parish on January 31, 2020 as Instrument Number 2192744. *See* Claim No. 3-1, Exhibit 2, pp. 1-5.

11. On December 23, 2019, Ms. Hyde formed Nexgen under the laws of the State of Pennsylvania and registered Nexgen with the State of Louisiana as a foreign limited liability company. *See* Information Report for Nexgen, attached hereto as **Exhibit 3** and incorporated by reference. Ms. Hyde is Nexgen's sole member/manager. *See id*.

12. On August 7, 2020 (the "***Petition Date***"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***"). ECF Doc. 1. The Debtor has elected to proceed under the provisions of subchapter V of chapter 11 of the Bankruptcy Code.

13. On August 25, 2020, ACBL filed the Proof of Claim in the amount of $462,316.20, representing the prepetition principal amount owed by the Debtor under the Consent Judgment. *See* Exhibit 1.

14. On August 31, 2020, Ms. Hyde filed a voluntary petition under Chapter 11 of the Bankruptcy Code and likewise elected to proceed under the provisions of subchapter V of chapter 11 of the Bankruptcy Code. *See* Bankr. E.D. La., 20-11525, ECF Doc. 1.

## **LAW AND ARGUMENT**

15. Pursuant to Federal Rule of Bankruptcy Procedure 2004(b) and LBR 2004-1, upon motion of any party in interest, the Court may order the examination of any person or entity relating to the acts, conduct, or property, or the liabilities and financial condition of the Debtor, or to any other matter which may affect the administration of the Debtor's estate.

16. Courts have held that "any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

17. As the Debtor's manager, Ms. Hyde is a third-party with personal knowledge regarding the acts, conduct, property, liabilities, and financial affairs of the Debtor, and entities related to the Debtor, all of which are pertinent to ACBL's pursuit of information regarding the current status and value of the Debtor's assets. Moreover, on account of her status as member-manager of the Debtor, Ms. Hyde may be designated as a proper person for examination of the Debtor pursuant to Rule 9001(5)(A). *See* FED. R. BANKR. P. 9001(5)(A).

18. ACBL seeks to examine Ms. Hyde regarding the following:

A. The obligations, liabilities, and indebtedness of the Debtor, either individually or in solido with one or more parties, during the period between August 6, 2015 and August 6, 2020;

B. Any and all financial statements or other representations made by the Debtor regarding its assets, liabilities, financial circumstances, and/or creditworthiness, related to any contracts, loan agreements, or other related documents in connection with the credit relationship between the Debtor and ACBL, during the period between August 6, 2015 and August 6, 2020;

C. Any and all entities operated, managed, controlled and/or owned by Ms. Hyde, in whole or in part, directly or indirectly, between August 6, 2015 and August 6, 2020, including without limitation the Debtor and the Other Genesis Entities, and the formation, ownership structure, membership interests, assets, and disposition thereof;

  D.  The formation and existence of any asset-protection trust or any other juridical entity, whether formed under the laws of Louisiana or any other jurisdiction, whether domestic or foreign, for the purpose of sheltering assets owned or controlled, directly or indirectly, by the Debtor, during the period between August 6, 2015 and August 6, 2020;

  E.  The transfer of any assets owned or controlled, directly or indirectly, by the Debtor, or any affiliates thereof, or any encumbrance on such assets during the period between August 6, 2015 and August 6, 2020, including, but not limited to, the St. Ann Property; and

  F.  The bases for any obligations, liabilities, and indebtedness of Ms. Hyde, the Debtor, and/or the Other Genesis Entities, or any affiliates thereof during the period between August 6, 2015 and August 6, 2020.

19. Accordingly, ACBL requests that this Court enter an Order directing Ms. Hyde to submit to an oral examination by ACBL on the 2004 Examination Date.

20. ACBL also requests that this Court order the production of the following documents by Ms. Hyde or the Debtor no later than one week prior to the 2004 Examination Date at the offices of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, Louisiana 70130, in order to promote the discovery of relevant information through the examinaiton:

  A.  Any and all documents in the possession of the Debtor, Ms. Hyde, or any agent(s) thereof regarding the credit relationship between the Debtor and ACBL, including, but not limited to, any documents related to the Agreement and Consent Judgment, from inception to the Petition Date;

  B.  Any and all letters, correspondence, emails, or any other communications in the possession of the Debtor, Ms. Hyde, or any agents thereof regarding the credit relationship between the Debtor and ACBL, including, but not limited to, any documents related to the Agreement and Consent Judgment, from inception to the Petition Date;

  C.  Any and all documents in the possession of the Debtor, Ms. Hyde, and/or any agent(s) thereof evidencing the transfer of the St. Ann Property;

  D.  Any and all letters, correspondence, emails, or any other communications in the possession of the Debtor, Ms. Hyde, or any agents thereof regarding the transfer of the St. Ann Property;

E. Any and all documents regarding the formation of Nexgen;

F. Any and all letters, correspondence, emails, or other communications regarding the formation of Nexgen;

G. Any and all documents pertaining to or evidencing any transfer of assets or liabilities of the Debtor to the Other Genesis Entities or any other entities or individuals affiliated with the Debtor between August 6, 2015 and August 6, 2020; and

H. All income statements, profit-loss statements, balance sheets, and other financials for the Debtor, dated between August 6, 2015 and August 6, 2020.

## **CONCLUSION**

21. On account of the foregoing, ACBL believes that the testimony and documents requested above will promote the just administration of the Debtor's estate, and therefore requests that this Court enter an order directing Ms. Hyde or the Debtor to produce the requested documents and to appear and testify on the 2004 Examination Date.

**WHEREFORE, PREMISES CONSIDERED**, American Commercial Barge Line LLC prays that the Court issue an order: (i) granting the *Motion for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Compelling Oral Testimony and Document Production from Lorraine Mae Hyde*; (ii) ordering Lorraine Mae Hyde to appear for examination at January 29, 2020 at 10:00 a.m. CST at the offices of undersigned counsel, 601 Poydras Street, Suite 2775, New Orleans, LA 70130,; (iii) directing Lorraine Mae Hyde or the Debtor to produce documents responsive to the requests set forth above on or before seven (7) calendar days prior to that date; and (iv) granting American Commercial Barge Line LLC such other or further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Stewart F. Peck*
STEWART F. PECK (#10403)
JAMES W. THURMAN (#38494)
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com; jthurman@lawla.com

*Counsel for American Commercial Barge Line LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that ACBL has conferred with the Debtor through counsel and attempted to confer with Ms. Hyde through her counsel regarding the relief requested in the Motion, but was unable to reach an agreement as to the date, time, and place of examination, or as to the production of documents requested by ACBL.

/s/ *Stewart F. Peck*