**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-11419 |
| GENESIS VENTURE LOGISTICS, L.L.C. | * | CHAPTER 11 |
| DEBTOR | * | SUBCHAPTER V |

**MOTION FOR ORDER APPROVING THE SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019 REACHED BETWEEN THE DEBTOR, DUNHAM-PRICE GROUP, LLC, AND DP AGGREGATES, LLC**

**NOW INTO COURT**, comes Genesis Venture Logistics, L.L.C. (the "***Debtor***"), through undersigned counsel, and with the consent of Dunham-Price Group, LLC and DP Aggregates, LLC (together, "***DP***") does hereby submit this *Motion for Order Approving the Settlement Agreement Pursuant to Bankruptcy Rule 9019 Reached Between the Debtor, Dunham-Price Group, LLC, and DP Aggregates, LLC* (the "***Settlement Motion***"). In support of the Settlement Motion, the Debtor avers as follows:

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. §§157(b) and 1334, this Court has jurisdiction (i) to hear and determine this Motion, and (ii) over the persons and property affected hereby. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of this proceeding and jurisdiction is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

2. The authority for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rule(s)***").

**PENDING ADVERSARY PROCEEDINGS**

3. On November 6, 2020, Civil Action No. 19-13293, titled *Genesis Venture Logistics, LLC v. Dunham-Price Group, LLC and DP Aggregates, LLC*, which was pending in

{00375755-1}

1

the United States District Court for the Eastern District of Louisiana, was referred to this Court as Adversary Proceeding No. 20-01064 (the "*Adversary Proceeding*").

## RELIEF REQUESTED

4. By this Settlement Motion, the Debtor is seeking an order from this Court approving the terms of the Agreement attached hereto as **Exhibit A** and granting the Debtor the authority to enter into the Agreement as the settlement is fair and reasonable and in the best interest of the estate. The Debtor, also seeks that the Order indicate that this Court will retain jurisdiction to enforce the terms of any order regarding the Settlement Motion.

## SUMMARY OF SETTLEMENT

5. The Debtor and DP have reached a settlement which includes a full and mutual walk away and release of all claims by all parties, and resolution of the Adversary Proceeding which includes the voluntary dismissal with prejudice of the Complaint, and all Counterclaims.

## APPROVAL UNDER RULE 9019

6. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee [or debtor] and after notice and hearing the court may approve a compromise and settlement." Fed. Bank. R. 9019(a). Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

7. Under this rule, "[a]pproval should only be given if the settlement is 'fair and equitable and in the best interest of the estate.'" *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (citations omitted).

8. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, '[c]omparing the terms of the compromise with the likely rewards of litigation.'" *In re Cajun Electric*, 119 F.3d at 355 (citations omitted). In particular, the Court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise. *Id.* (citations omitted).

9. The Agreement's terms are an amicable resolution to a continuing dispute between the Debtor and DP. The Agreement brings to a close the ongoing litigation. Further, the Agreement provides for the release of all claims asserted against the Debtor, thereby removing a potential liability against the estate. The Agreement does not require any payment by either party. The Agreement provides further economic incentive to the estate as it stops it from incurring additional professional fees and costs in litigating the Adversary Proceeding. Thus, this Court should grant the relief requested by the Debtor as the terms of the Agreement, which reaches a final resolution of all controversies between the Debtor and DP arising out of the Barge Transportation Agreement, is fair and reasonable. The Agreement is in the best interest of the Debtor and its estate as it finalizes the pending disputes while preventing future litigation as the parties all agree to mutual releases.

**WHEREFORE,** the Debtor, Genesis Venture Logistics, LLC, prays for an order approving the Agreement and for all other relief that is just and equitable.

Dated: May 19, 2021

Respectfully submitted,

*/s/Michael E. Landis*
Greta M. Brouphy, La. Bar No. 26216
Michael E. Landis, La. Bar No. 36542
**HELLER, DRAPER & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
gbrouphy@hellerdraper.com
mlandis@hellerdraper.com

*Attorneys for the Debtor*

### Certificate of Service

I hereby certify that I caused the above and foregoing to be served upon the following through this Court's ECF Noticing System on May 19, 2021:

- Kirk N Aurandt    kaurandt@daiglefisse.com
- Christy Renee Bergeron    Christy.Bergeron@usdoj.gov
- Greta M. Brouphy    gbrouphy@hellerdraper.com, vgamble@hellerdraper.com
- Ben E Clayton    ben@claytonlawfirmllc.com
- Benjamin E. Clayton    ben@claytonlawfirmllc.com
- Joshua P. Clayton    josh@claytonlawfirmllc.com
- Leo David Congeni    leo@congenilawfirm.com, michelle@congenilawfirm.com
- Heather L. Kirk    hkirk@joneswalker.com
- Michael E. Landis    mlandis@hellerdraper.com, esixkiller@hellerdraper.com;jmarino@hellerdraper.com;cdunn@hellerdraper.com
- Mark C. Landry    mlandry@newmanmathis.com
- Edna Ayliffe Latchem    edna.ayliffe.latchem@gmail.com, ayliffe@intersurf.com
- Robert A. Mathis    rmathis@newmanmathis.com
- Michael W. McMahon    mmcmahon@daiglefisse.com
- Mark Mintz    mmintz@joneswalker.com, hstewart@joneswalker.com;mark-mintz-4822@ecf.pacerpro.com
- Harry Morse    harry@harrymorse.com
- Stewart Peck    speck@lawla.com, ymaranto@lawla.com
- Stephen T. Perkins    sperkins@twpdlaw.com, afries@twpdlaw.com
- Ryan James Richmond    ryan@snw.law
- Richard A Rozanski    richard@rarlaw.net
- Jefferson R. Tillery    jtillery@joneswalker.com

- Office of the U.S. Trustee    USTPRegion05.NR.ECF@usdoj.gov

Further I hereby certify that I caused the foregoing to be served upon the attached mailing matrix, via U.S. Mail, First Class, with prepaid postage and properly addressed this 19th day of May, 2021.

                                                  */s/Michael E. Landis*
                                                Michael E. Landis, La. Bar No. 36542