# CONFIDENTIAL RECEIPT AND RELEASE AGREEMENT

The parties to this Confidential Receipt and Release Agreement ("Agreement") are Genesis Venture Logistics, L.L.C., NexGen Marine, LLC, Genesis Venture Trucking Limited Liability Company, Genesis Venture Investments, LLC, Genesis Venture Assets, LLC, Genesis Venture Supply, LLC, and Lorraine Hyde (collectively the "Genesis Parties") and Dunham-Price Group, LLC and DP Aggregates, LLC ("Dunham Price") (collectively, the "Parties"), who represent and agree as follows:

## RECITALS

1. Genesis Venture Logistics, L.L.C. and Dunham Price entered into a certain Barge Transportation Agreement in the spring of 2019;

2. On October 25, 2019, Genesis Venture Logistics, L.L.C. filed a Complaint against Dunham Price in the United States District Court for the Eastern District of Louisiana as Civil Action No. 2:19-cv-13293 alleging damages arising out of execution of the Barge Transportation Agreement;

3. On April 23, 2020, Dunham Price filed a Counterclaim against Genesis Venture Logistics, L.L.C. and Third Party Complaint against NexGen Marine, LLC, Genesis Venture Trucking Limited Liability Company, Genesis Venture Investments, LLC, Genesis Venture Assets, LLC, Genesis Venture Supply, LLC, and Lorraine Hyde in Civil Action No. 2:19-cv-13293 alleging its own damages arising out of the execution of the Barge Transportation Agreement;

4. On August 7, 2020, Genesis Venture Logistics, L.L.C. filed a Voluntary Petition for Chapter 11 Bankruptcy as Case No. 20-11419 in the United States Bankruptcy Court for the Eastern District of Louisiana;

5. On November 6, 2020, United States District Court for the Eastern District of Louisiana Civil Action No. 2:19-cv-13293 was transferred to the United States Bankruptcy Court for the Eastern District of Louisiana as Adversary Case No. 20-01064 within Bankruptcy Case No. 20-11419, where it remains currently pending;

6. The Parties have now come to an agreement for the complete and final compromise and settlement of all claims that were asserted or that could have been asserted by any of the Parties relative to the execution of the Barge Transportation Agreement, and the Parties expressly contemplated the preparation and execution of this Agreement to more fully set forth the Parties' terms of compromise and settlement;

7. The Parties expressly intend for this compromise and settlement to be on a "walk away" basis, to release any and all obligations between and/or among the Parties in any way related to the execution of the Barge Transportation Agreement.

## **TERMS OF AGREEMENT**

**NOW, THEREFORE**, in consideration of the promises, terms, obligations and undertakings set forth in this Confidential Receipt and Release Agreement, and other good and valuable consideration, the sufficiency and adequacy of which is acknowledged, the Parties agree as follows:

1. **RECITALS INCORPORATED BY REFERENCE**. The Parties incorporate the "Recitals" set forth above into the terms of this Confidential Receipt and Release Agreement.

2. **WALK AWAY**. The Parties expressly agree to a mutual "walk away," the sufficiency and adequacy as consideration of which is hereby acknowledged by the Parties.

3. **RELEASE**. In consideration of the foregoing "walk away", the Parties mutually release and discharge one another, without reservation of any claims or causes of action, as well as each of their respective parent, subsidiary, related and affiliated corporations, companies and entities, their joint venturers, successors, predecessors, assigns, shareholders, members, directors, officers, employees, agents, brokers, attorneys, insurers, underwriters, reinsurers and any other partnership, corporation, organization or individual that might now be or hereafter become liable, of and from any and all actions, causes of action, claims or demands, whether known or unknown, foreseen or unforeseen, whether arising *in personam* or *in rem*, whether at law, in equity or in admiralty, whether in tort, contract, quasi-contract, warranty, statute, regulation or otherwise, including but not limited to all rights and causes of action under the laws of the United States of America, the State of Louisiana or any other state of the United States of America, or the admiralty and maritime law or the general federal law or any other law or laws that might provide recovery in tort, breach of contract, or any other theory, for any claim that the Parties may have for insurance proceeds, damages, costs, statutory penalties, jurisprudential penalties, and attorneys' fees, or any other thing of value whatsoever on account of, or in any way related to, any and all known and unknown damages, costs, fees, expenses or contractual obligations that might arise, directly or indirectly out of the aforementioned Barge Transportation Agreement, the Parties' related business relationship, and any coverage position or claim handling practices related to that Barge Transportation Agreement, whether asserted or not asserted in Civil Action No. 2:19-cv-13293, Case No. 20-11419, or Adversary Case No. 20-01064, or any other action arising out of or related to the aforementioned Barge Transportation Agreement.

4. **NO ASSIGNMENT OF CLAIMS**. The Parties represent and warrant that they have not previously assigned or granted any interest to any third party with respect to any of the claims that are intended to be released and discharged by this Agreement. The Parties represent and warrant that they are not aware of any other third parties who might assert any claim or interest in any of the claims intended to be released and discharged under this Agreement. For the sake of clarity, the Parties understand the above representations and warranties do not include any claims that have been, can be, could have been, or will be asserted by AmeriFactors Financial Group, LLC and/or any of its related or affiliated companies ("AmeriFactors") which AmeriFactors may have against Dunham Price, or by AmeriFactors which AmeriFactors may have against GVL.

5. **STIPULATION OF DISMISSAL**. The Parties agree that, when this Agreement has been signed by all Parties, the Parties hereby direct their respective counsel, members or representatives to immediately execute and file *Notice And Stipulation Of Voluntary Dismissal With Prejudice Of Complaint Of Plaintiff, Counterclaim Of Defendants, And Counterclaim Of Third Party Defendants* in Adversary Case No. 20-01064, Case No. 20-11419 currently pending in the United States Bankruptcy Court for the Eastern District of Louisiana, with each party to bear its own respective costs, fees and expenses.

6. **NO LIABILITY ADMITTED AND INADMISSABILITY**. It is expressly understood and agreed that this Agreement is a compromise of disputed claims, that it is intended to avoid the uncertainties of litigation and expenses of litigation, and that the promises, releases, dismissals, indemnities and other considerations made and given pursuant to this Agreement are not admissions of liability or defenses of or by any Party to any other Party as to any of the claims or defenses asserted or that could have been asserted by or against them under any of the transactions and occurrences set forth in the Recitals above, and each Party continues to deny the same. This Agreement and the compromise and settlement it embodies may not be presented as, or be admissible into, evidence for any purpose in any legal proceeding, except that this Agreement can be presented and admitted as evidence in any action to enforce the terms of this Agreement itself or as ordered by a court of competent jurisdiction, and if so used, shall be filed under seal.

7. **FINAL AGREEMENT**. This Agreement is intended by the Parties as a final expression of their agreement and is intended to be a complete and exclusive statement of the agreement and understanding of the Parties with respect to the subject matters contained herein.

8. **BANKRUPTCY COURT APPROVAL**. The releases, "walk away," and all other provisions of this Agreement are contingent upon approval by the Bankruptcy Court

for the United States District Court for the Eastern District of Louisiana. All Parties covenant and agree to present this Agreement in good faith for Bankruptcy Court approval by filing a motion under Federal Rule of Bankruptcy Procedure 9019.

9. **SUCCESSORS AND ASSIGNS**. This Agreement shall bind and inure to the benefit of all Parties, and their the respective directors, officers, shareholders, members, employees, former employees, agents, partners, representatives, attorneys, parent and affiliated corporations, companies and entities, subsidiaries, divisions, joint ventures, predecessors, successors, beneficiaries, grantees, vendees, transferees, assigns, heirs, executors, and administrators of each of the Parties.

10. **MODIFICATION**. Neither this Agreement nor any terms set forth herein can be changed, waived, discharged, or terminated orally or in writing, except by a writing signed by all of the Parties.

11. **CONSTRUCTION**. This Agreement is the product of arms-length negotiation by all Parties, and all Parties have contributed text to this Agreement. As used in this Agreement, the singular or plural will be deemed to include the other whenever the context so indicates or requires, and the masculine shall be read to include the feminine as may be appropriate.

12. **AUTHORIZATION**. Each of the Parties' representatives warrants that (a) he/she is fully authorized to enter into this Agreement; (b) he/she has read and fully understands each of the provisions of this Agreement; (c) his/her counsel has fully explained the legal effect of this Agreement and that the settlement and compromise stated herein is final and conclusive forthwith, or he/she has decided to forego advice of counsel and fully understands that the legal effect of this Agreement is to fully and finally settle and terminate all claims described herein; (d) he/she has signed the Agreement voluntarily, without any duress or undue influence by or on behalf of any Party or other entity, and (e) the terms of this Agreement are contractual and law among the Parties and not merely Recitals.

    In addition, each of the Parties that are corporate or other juridical entities that are still in existence as of the date of this Agreement represent and warrant that (a) it is duly organized and existing in good standing under the laws of its domicile; (b) it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and to authorize the person executing this Agreement to do so, and that no further corporate or internal approval is necessary; and (c) the making and performance of this Agreement will not violate any provision of law or the party's Articles of Incorporation, charter, or bylaws.

13. **IMPLEMENTATION OF AGREEMENT**. Each Party agrees to perform all further acts and to execute and deliver all further documents reasonably necessary

to or in furtherance of the intent and purposes of this Agreement without demand for further consideration.

14. **CONFIDENTIALITY.** The Parties agree that all matters relating to the terms, negotiation and implementation of this Agreement shall be confidential and are not to be disclosed by the Parties or their attorneys, except by order of court or agreement, in writing, of the Parties, except that, provided such additional recipients agree to keep such information confidential: (a) the terms of this Agreement may be disclosed to reinsurers or (b) the terms of this Agreement may be disclosed to outside auditors or accountants of any Party or the Internal Revenue Service.

15. **SEVERABILITY**. If any of the provisions of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provisions to other circumstances, shall remain in effect and be interpreted so as to best reasonably effect the intent of the Parties.

16. **GOVERNING LAW**. This Agreement shall be interpreted according to the laws of the State of Louisiana.

17. **COUNTERPARTS**. This Agreement may be executed in two or more counterparts, transmitted by facsimile or otherwise, each of which will be deemed an original, and all of which together will constitute a single instrument.

18. **KNOWING AND VOLUNTARY SIGNATURES**. The undersigned further state that they have carefully read this Agreement, know the contents of the Agreement, and sign the same as their own free act.

19. **HEADINGS**. The section titles, captions, and headings contained in this Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit or extend the scope of this Agreement or the effect of any of its provisions.

20. **RECITALS**. The Recitals set forth at the beginning of this Agreement shall not be admissible to prove the truth of the matters asserted therein in any action or proceeding involving any of the Parties (other than an action or proceeding brought to enforce the terms of this Agreement), nor do any of the Parties intend such Recitals to constitute admissions of fact by any of them.

**IN WITNESS WHEREOF**, the Parties hereto, through their respective, authorized representatives, have executed this Confidential Receipt and Release Agreement on the dates and at the places set forth below and on the following separate signature page:

**STATE OF LOUISIANA**

**PARISH OF** St. Tammany

*DATE:* April 15, 2021

**Genesis Venture Logistics, L.L.C.**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

**Genesis Venture Investments, LLC**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

**NexGen Marine, LLC**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

**Genesis Venture Assets, LLC**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

**Genesis Venture Trucking Limited Liability Company**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

**Genesis Venture Supply, LLC**

By: *Lorraine Hyde*
Signature

Lorraine Hyde
Print Name

Managing Member
Title

_____ DATE: April 15, 2021
**Lorraine Hyde**

*(signed: Lorraine Hyde)*

**Dunham-Price Group, LLC**

By:_____  DATED:
Signature

_____
Print Name

_____
Title


**DP Aggregates, LLC**

By:_____
Signature

_____
Print Name

_____
Title

{N4364474.1}

_____
**Lorraine Hyde**

**Dunham-Price Group, LLC**

By: _[signature]_____
Signature

_RYAN W. PRICE_____
Print Name

_EXECUTIVE VICE PRESIDENT____
Title

**DP Aggregates, LLC**

By: _[signature]_____
Signature

_RYAN W. PRICE_____
Print Name

_MEMBER / AGENT_____
Title